144     43 NEW YORK SUPPLEMENT     (Sup. Ct.

and 77 New York State Reporter.

---

(12 App. Div. 346.)

## In re LEVY.

(Supreme Court, Appellate Division, First Department. December 22, 1896.)

1. TRUSTS—REFERENCE—AUTHORITY TO EXAMINE WITNESSES.

On the appointment of a successor for a deceased trustee, pursuant to Laws 1882, c. 185, § 1, which vests the trust in the supreme court on the trustee's death, a referee was appointed, without objection being made, and to him all persons holding any part of the trust estate were required to ac-

count. *Held*, that he had power on the accounting to call and examine witnesses to show what property the personal representative of deceased had in his hands belonging to the trust estate.

2. SAME—EVIDENCE—RELEVANCY.

On the accounting between the personal representative and the successor, it was relevant, for the purpose of showing what property the representative had in his hands belonging to the trust fund, to prove that at the death of the trustee a sum of money stood to his credit on the books of a firm of which he had once been a member, evidence having been introduced that deceased had stated that certain sums on deposit with that firm belonged to the trust estate; hence a member of the firm could be compelled to testify concerning a credit shown by the firm's books in favor of deceased.

Appeal from special term, New York county.

Application by Lazarus Levy for the appointment of a trustee in place of Abram C. Bernheim, deceased. From an order adjudging Charles L. Bernheim guilty of contempt for refusing to answer certain questions propounded to him upon a proceeding before a referee, imposing a fine of $100 upon him, and committing him to the county jail until he answers the questions and pays such fine, he appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

C. V. Anable, for appellant.

A. J. Dittenhoefer, for respondent.

INGRAHAM, J. By an order of the special term of the supreme court, entered on the 30th of September, 1895, an order was entered appointing the Farmers' Loan & Trust Company to carry out and execute a trust in the place and stead of one Abram C. Bernheim, deceased. That order further provided that one Henry C. Bernheim, as administrator of the said Abram C. Bernheim, deceased, and any and all other persons having possession of the property mentioned in the petition, pay and deliver the same to the Farmers' Loan & Trust Company as said trustee, and appointed a referee to supervise the payment and transfer of the said stock, money, and property to the said trust company as trustee, and directed that all persons having possession of any part of said property, money, or stock, or the proceeds thereof, appear before the said referee for the purpose of accounting for and delivering the same to the said trust company. In the proceeding before the said referee the appellant was called as a witness. He was asked to turn, in a ledger produced before the referee, to an account headed "A. C. Bernheim, 6 per cent." That question he refused to answer, and refused to answer concerning that account, and it was for such refusal that he was adjudged guilty of contempt. The appellant was thus called as a witness to testify in a proceeding pending in the supreme court wherein the court had appointed a referee.

The first and serious question is whether or not the referee was authorized by this order to examine witnesses or take evidence. Under the provisions of section 1 of chapter 185 of the Laws of 1882, "upon the death of a surviving trustee of an express trust, the trust estate shall not descend to his next of kin or personal representa-

tives, but the trust, if unexecuted, shall vest in the supreme court, with all the powers and duties of the original trustee, and shall be executed by some person appointed for that purpose under the direction of the court." Thus, upon the death of the trustee, the trust vested in the supreme court, and under the power conferred by this statute the court appointed the Farmers' Loan & Trust Company to execute that trust; and, to enable its appointee to execute that trust, the court directed that the executor or personal representative of the deceased trustee, and all other persons who had in their possession any of the trust estate, should turn such over to the new trustee or to the person designated by the court to execute the trust, and appointed a referee before whom such personal representative of the deceased trustee, and others who were in possession of the trust property, should account. The personal representatives of the deceased trustee consented to the entry of the order, and have made no objection to this proceeding before the referee, and the parties seem to have proceeeded before the referee to take evidence for the purpose of determining what property stood in the name of the personal representative of the deceased which was really the trust property. That the court had power to order the representative of a deceased trustee to account for and turn over the trust estate to the persons appointed by the court to execute the trust would seem to be clear. But this order of reference having been made upon notice to and after hearing counsel for the administrator, and upon his consent, he cannot now object to the order or refuse to obey it. He was, therefore, required to account before the referee for the trust property in his hands as executor or administrator of the deceased trustee; and on that accounting it is clear that the referee had power to call and examine witnesses to show what property the administrator had in his hands that was part of the trust estate. To prove that, he called the head of the firm of which the deceased trustee had been at one time a member, to show that at the time of the death of the trustee there stood to the credit of such deceased trustee a sum of money, having before introduced the testimony given by the deceased trustee that certain sums of money on deposit with this firm belonged to the trust estate. It seems to us clear that this was relevant testimony upon the accounting between the administrator of the deceased trustee and the person appointed by the court to execute the trust. The appellant was not before the court as an accounting party. He was not asked any question that involved his liability, or his firm's liability, to the trust estate. He was simply asked to testify to a fact as to what account stood to the credit of the deceased trustee upon the books of his firm at the time of the death of such trustee. The amount which was credited to such deceased trustee, where it appeared that such credit was an individual deposit, vested in the personal representative of the deceased trustee; and whether that money was due to the deceased trustee individually, or to the Farmers' Loan & Trust Company as substituted trustee, was entirely immaterial to the appellant. What the court was entitled to know, and what the parties were entitled

to prove before the referee, was what property had come to the personal representatives of the deceased trustee that belonged to the trust estate; and for such property the personal representative of the deceased trustee was, under the order of the court entered after hearing him and upon his consent, bound to account.

The counsel for the appellant claims that the appellant takes this appeal because in no other way could he obtain a judicial determination of the question whether or not there is any valid order in existence by the terms of which he or his firm is required to submit to an accounting in this proceeding before the referee.   We think it is impossible for him to obtain a judicial determination of that question in this proceeding, because he was a competent witness to prove the facts as to the trust estate.   He is simply called here on an accounting between the person substituted to execute the trust and the executor of the deceased trustee.   When any order is asked for requiring him to account, or requiring him to pay to the substituted trustee any sum of money, he can then raise that question.

The only real question here is whether or not these interrogatories addressed to the appellant were relevant upon any controversy which was legally referred to the referee, and whether the referee had power to take testimony and compel a witness to answer.   We think the court had power to refer this question to a referee; that the order referring it to a referee was valid, and cannot be attacked collaterally; that, upon an accounting by the personal representative of the deceased trustee, the referee had authority under the order to take testimony; that the question asked the appellant was competent testimony upon such proceeding; and that the appellant was bound to answer the question.

The order appealed from should, therefore, be affirmed, with costs and disbursements.   All concur.